## UNITED STATES of America, Plaintiff–Appellee,

v.

## Jorge Serafin QUINTERO–GOMEZ, Defendant–Appellant.

No. 00–30233.

D.C. No. CR–99–60140–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[1]

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM [2]

Jorge Serafin Quintero–Gomez appeals pro se from the district court's partial

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

dismissal of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government contends that the appeal should be dismissed because Gomez was resentenced pursuant to an agreement in which he expressly waived his right to appeal and because he does not meet the criteria set forth in USSG § 5C1.2 and thus does not qualify for a reduction in his sentence pursuant to the "safety valve" provision under 18 U.S.C. § 3553(f).

Quintero–Gomez was re-sentenced to 168 months imprisonment after entering into a plea agreement with the government. As part of his plea agreement, Quintero–Gomez "freely, voluntarily, knowingly and intelligently waive[ed] any right to further appeal any matter in connection with this prosecution and sentence ... "Because Quintero–Gomez does not challenge the validity of the waiver of the right to appeal, and there is no evidence that the waiver was not knowing or not voluntary, we enforce the waiver and dismiss the appeal. *United States v. Anglin,* 215 F.3d 1064, 1068 (9th Cir.2000).

DISMISSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.